**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| UNDER ARMOUR, INC. | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|       v. | )    CIVIL ACTION NO. 1:13-cv-00571-ELH |
| | ) |
| NIKE, INC. | ) |
| | ) |
|       Defendant. | ) |
| | ) |

## NIKE INC.'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND DEMAND FOR JURY TRIAL

NIKE, Inc. ("NIKE") responds to Plaintiff's Complaint as follows:

### NIKE'S ANSWER TO PLAINTIFF'S COMPLAINT

1.    NIKE admits Plaintiff's Complaint purports to state causes of action for trademark infringement, trademark dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and/or Maryland statutory and common law, but NIKE denies Plaintiff has stated any valid claims for trademark infringement, trademark dilution, or unfair competition, and NIKE denies any alleged trademark infringement, trademark dilution, and unfair competition. NIKE admits it has used its "JUST DO IT" trademark for years, and NIKE admits it has enforced its rights in its "JUST DO IT" trademark to prevent consumer confusion, dilution, and other irreparable injury to its rights. NIKE denies the remaining allegations of Paragraph 1.

2.    NIKE lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 2, and, therefore, they are denied.

3.    NIKE admits the allegations of Paragraph 3.

4.    NIKE does not dispute that this Court has jurisdiction over the subject matter of

this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). NIKE admits it is a citizen of the State of Oregon. NIKE lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4 that "Under Armour is a citizen of the State of Maryland" and that "the matter in controversy exceeds $75,000 exclusive of interest and costs," and, therefore, those allegations and the allegations regarding 28 U.S.C. § 1332 are denied. NIKE admits the remaining allegations of Paragraph 4.

5. NIKE does not dispute that this Court may exercise personal jurisdiction over NIKE in this case. NIKE admits it sells products through stores in Maryland and NIKE admits it ships products into Maryland. NIKE denies the remaining allegations of Paragraph 5.

6. NIKE does not dispute that this Court may exercise personal jurisdiction over NIKE in this case. NIKE admits it has conducted business in Maryland. NIKE denies the remaining allegations of Paragraph 6.

7. NIKE admits venue is proper in this District in this case under 28 U.S.C. § 1391(b) and (c), but NIKE denies venue is convenient in this District in this case. NIKE denies the remaining allegations of Paragraph 7.

8. NIKE lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 8, and, therefore, they are denied.

9. NIKE lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 9, and, therefore, they are denied.

10. NIKE lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10, and, therefore, they are denied.

11. NIKE denies the allegations of Paragraph 11.

12. NIKE lacks knowledge or information sufficient to form a belief about the truth

of the allegations of Paragraph 12, and, therefore, they are denied.

13.     NIKE lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13, and, therefore, they are denied.

14.     NIKE lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14, and, therefore, they are denied.

15.     NIKE lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15, and, therefore, they are denied.

16.     NIKE lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16, and, therefore, they are denied.

17.     NIKE lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17, and, therefore, they are denied.

18.     NIKE lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18, and, therefore, they are denied.

19.     NIKE lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19, and, therefore, they are denied.

20.     NIKE lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20, and, therefore, they are denied.

21.     NIKE denies the allegations of Paragraph 21.

22.     NIKE lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22, and, therefore, they are denied.

23.     NIKE denies the allegations of Paragraph 23.

24.     NIKE admits the images in Paragraph 24 appear to be images from a NIKE Facebook page for its #MAKEITCOUNT campaign.  NIKE denies the remaining allegations of

Paragraph 24.

25.     NIKE admits the images in Paragraph 25 appear to be images from a NIKE YouTube video for its #MAKEITCOUNT campaign.  NIKE denies the remaining allegations of Paragraph 25.

26.     NIKE denies the allegations of Paragraph 26.

27.     NIKE denies the allegations of Paragraph 27.

28.     NIKE denies the allegations of Paragraph 28.

29.     NIKE denies the allegations of Paragraph 29.

30.     NIKE denies the allegations of Paragraph 30.

31.     NIKE denies the allegations of Paragraph 31.

32.     NIKE repeats and incorporates by reference its responses to each and every allegation set forth in Paragraphs 1 through 31 of Plaintiff's Complaint.

33.     NIKE denies the allegations of Paragraph 33.

34.     NIKE repeats and incorporates by reference its responses to each and every allegation set forth in Paragraphs 1 through 33 of Plaintiff's Complaint.

35.     NIKE denies the allegations of Paragraph 35.

36.     NIKE repeats and incorporates by reference its responses to each and every allegation set forth in Paragraphs 1 through 35 of Plaintiff's Complaint.

37.     NIKE denies the allegations of Paragraph 37.

38.     NIKE denies the allegations of Paragraph 38.

39.     NIKE repeats and incorporates by reference its responses to each and every allegation set forth in Paragraphs 1 through 38 of Plaintiff's Complaint.

40.     NIKE denies the allegations of Paragraph 40.

41.     NIKE repeats and incorporates by reference its responses to each and every allegation set forth in Paragraphs 1 through 40 of Plaintiff's Complaint.

42.     NIKE denies the allegations of Paragraph 42.

### NIKE's Response to Plaintiff's Prayer for Relief

NIKE denies any alleged wrongdoing, and NIKE denies Plaintiff is entitled to any relief it seeks in its Complaint.  NIKE demands judgment in its favor and against Plaintiff on each and every count and claim for liability and damages.

### NIKE's Affirmative Defenses to Plaintiff's Complaint

NIKE denies each and every allegation of Plaintiff's Complaint not expressly admitted herein.  In addition, NIKE's Affirmative Defenses are listed below.  Assertion of a defense does not concede that NIKE has a burden of proving the matter asserted.  NIKE expressly reserves the right to assert any other legal or equitable defenses to which it is shown to be entitled.

### First Affirmative Defense

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted, and should be dismissed.

### Second Affirmative Defense

2.     NIKE's use of the noun-verb descriptive combination "I will," as described in Plaintiff's Complaint, does not constitute trademark use.   NIKE's use of the noun-verb descriptive combination "I will," as described in Plaintiff's Complaint, is fair use under the Trademark Act.

### Third Affirmative Defense

3.     Plaintiff's purported "I Will" trademark has not acquired distinctiveness or secondary meaning as a trademark for the scope of goods and services alleged by Plaintiff.

### Fourth Affirmative Defense

4.      There is no likelihood of confusion, mistake, or deceit.

### Fifth Affirmative Defense

5.      The phrase "I Will" is not a famous trademark.

### Sixth Affirmative Defense

6.      There is no likelihood of dilution.

### Seventh Affirmative Defense

7.      NIKE's actions are and have been innocent and not willful.

### Eighth Affirmative Defense

8.      The phrase "I will" alone and in combination with other words has been registered in the U.S. Patent and Trademark Office by others, including registrations in the same or similar classes of goods or services as Plaintiff's registration, and, accordingly, is at best a weak and diluted phrase.

### Ninth Affirmative Defense

9.      The phrase "I will" alone and in combination with other words is and has been in common use by others, including in connection with athletic apparel and products, and, accordingly, is at best a weak and diluted phrase.

### Tenth Affirmative Defense

10.     Plaintiff and its predecessor in alleged rights to the purported "I Will" trademark have abandoned trademark rights they claim in "I Will" by acquiescing in others' use of the phrase and/or by failing to adequately police the purported mark.

### NIKE's Counterclaims

NIKE, Inc. counterclaims against Under Armour, Inc. as follows:

## Parties

1.      NIKE, Inc. ("NIKE") is an Oregon corporation with its principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

2.      Under Armour, Inc. ("Under Armour") alleges to be a Maryland corporation with its principal place of business at 1020 Hull Street, Baltimore, Maryland 21230.

## Jurisdiction

3.      These counterclaims arise under the Federal Declaratory Judgments Act, Title 28 U.S.C. §§ 2201 and 2202, the Lanham Act, 15 U.S.C §§ 1051 *et seq.*, and the common law.

4.      This Court has subject matter jurisdiction over these counterclaims under at least 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

5.      By its Complaint, Under Armour has expressly charged NIKE with federal trademark infringement, common law trademark infringement, federal false designation of origin, passing off and unfair competition, federal trademark dilution, trademark infringement in violation of the Maryland Code of Business Regulations, and common law trademark infringement and unfair competition, all of which NIKE denies.

6.      As a result of Under Armour's Complaint and allegations, Under Armour has submitted itself to the jurisdiction and venue of this Court.

7.      As a result of at least Under Armour's Complaint and allegations therein, an actual and justiciable controversy has arisen between NIKE and Under Armour.

## NIKE's Non-Trademark, Fair Use of the Words "I will"

8.      NIKE is a worldwide leader in the design, marketing and distribution of athletic and sports-inspired footwear, apparel, equipment, accessories, and services.

9.      NIKE was founded in 1964.

10.  Over the years, NIKE has created thematic campaigns to motivate and inspire athletes* ("*If you have a body, you are an athlete.*" http://nikeinc.com/pages/about-nike-inc). In many of these campaigns, NIKE uses noun-verb descriptive combinations, such as "I will," for their ordinary English language meanings to describe inspirational activities or accomplishments.

11.  For example, in 1995, before Under Armour even existed, NIKE launched its "If you let me play sports…" campaign that included television commercials and print materials using the noun-verb descriptive combination "I will" to describe various accomplishments.  An example from the 1995 "If you let me play sports…" campaign follows.



12.     As another example, in 1997, NIKE released the image shown below, again using the noun-verb descriptive combination "I will."



13.     As another example, in 1999, NIKE launched a television campaign featuring the U.S. Women's National Soccer Team, in which the athletes use the noun-verb descriptive combination "I will" numerous times to describe their team solidarity and unified pursuit of victory.  (*See*, www.youtube.com/watch?v=6Eifa8oqCRU).   An excerpt of the U.S. Women's Team athletes' dialog is reproduced below:

> Brandi Chastain is asked:  "How'd it go?"
> Brandi Chastain:  "He had to drill.  I got two fillings."
> Mia Hamm:  "Then I will have two fillings."
> Dentist:  "But Mia, I just examined your teeth.  They're perfect."
> Briana Scurry:  "I will have two fillings."
> Trisha Venturini:  "I will have two fillings."
> Tiffeny Milbrett:  "I will have two fillings."
>  …
> Nurse/receptionist:  "I will have two fillings."

14.    The U.S. Women's National Soccer Team campaign also used the noun-verb descriptive combination "we will," as shown in the illustration below.



15.    NIKE continued its long-standing use of noun-verb descriptive combinations in late 2011 when NIKE launched its #MAKEITCOUNT campaign, which is designed to motivate and inspire athletes* to be active.   As shown in the illustration below, NIKE launched its #MAKEITCOUNT campaign using the Twitter hashtag "#MAKEITCOUNT," and by asking its customers "How will you make it count in 2012?"



16.    In 2013, NIKE evolved its #MAKEITCOUNT campaign with new campaign

examples of how "we will #makeitcount." These materials, which include a YouTube video and a NIKE Facebook page, provide athletes*'s answers to NIKE's question, "How will you make it count?"

17. Below are sample images from a NIKE YouTube video for its #MAKEITCOUNT campaign.


















 



18.     Below are sample images from a NIKE Facebook page for its #MAKEITCOUNT

campaign.

 

 





19.     NIKE's #MAKEITCOUNT campaign materials reproduced above use the noun-verb descriptive combination "I will" in its ordinary meaning to describe activities.  For example, NIKE uses "I will" as part of longer phrases, such as "I will set a new pace," "I will stay on top of my game," "I will outrun 2012," "I will train one hour each day," "I will protect my home court," and "I will finish what I started."

20.     NIKE's #MAKEITCOUNT campaign materials reproduced above use the noun-verb descriptive combination "I will" for its ordinary meaning to describe activities in the same way that NIKE has been using noun-verb descriptive combinations, such as "I will" and "we will," in promotional materials for nearly twenty years, and before Under Armour even existed.

21.     NIKE's uses of "I will" are not trademark uses, but instead constitute fair use of the noun-verb descriptive combination "I will."

22.     NIKE's use of "I will" also includes significant NIKE imagery and other uses of NIKE trademarks.

23.     NIKE's use of "I will" is not likely to cause any confusion, mistake, or deceit with any valid and enforceable rights Under Armour may own in the purported trademark "I Will."

24.     NIKE's use of "I will" is not likely to cause dilution of any valid and enforceable rights Under Armour may own in the purported trademark "I Will."

25.     NIKE did not and has not used the phrase "I will" willfully or in bad faith.

**Under Armour's Alleged Rights to the Purported Trademark "I Will"**

26.     On information and belief, Under Armour was formed in 1996, over thirty years after NIKE was formed.

27.     The phrase "I will" has not acquired distinctiveness or secondary meaning associated with Under Armour.

28.     Under Armour's alleged "I Will" mark is not famous.

29.     Under Armour's use of the purported "I Will" trademark is neither longstanding nor exclusive.

30.     On information and belief, Under Armour did not use the purported "I Will" mark before NIKE's uses described in at least Paragraphs 11 and 12 above.

31.     On information and belief, Under Armour did not apply to register the purported "I Will" mark as a trademark in the United States Patent & Trademark Office ("USPTO") before NIKE's uses described in Paragraphs 11 through 14 above, or before NIKE's launch of its #MAKEITCOUNT campaign.

32.     On information and belief, Under Armour did not own a trademark registration for the purported "I Will" mark before NIKE's uses described in Paragraphs 11 through 14 above, or before NIKE's launch of its #MAKEITCOUNT campaign.

33.     Under Armour did not own a trademark registration for the purported "I Will" mark until May 5, 2012, when Under Armour purchased a trademark registration for "I Will" from Wells Investments, Inc. ("Wells Investments").  Specifically, Under Armour purportedly purchased some rights in and to U.S. Trademark Registration No. 2,409,096 from Wells Investments.

34.     Wells Investments, a financial consulting firm located in Winter Haven, Florida, registered and is the record owner of a variety of "I Will" U.S. trademark registrations in connection with its retirement, estate, and investment planning services.

35.     Under Armour does not own exclusive rights to the purported trademark "I Will." When Under Armour purchased rights to the purported "I Will" trademark in connection with Registration No. 2,409,096, Wells Investments retained rights to the mark for certain goods and services and Wells Investments continued to use the mark in commerce for at least some of those goods or services.

36.     On information and belief, before Under Armour purchased Registration No. 2,409,096 from Wells Investments, Wells Investments had already abandoned rights to the mark "I Will" for articles of clothing for men, women and children, namely, blouses, pants, shorts, skirts, skorts, sweaters, vests, jeans, jerseys, sweatpants, sweatsuits, jumpers, jackets, coats, beachwear, loungewear, underwear, sleepwear, rainwear, gloves, shoes, boots and slippers, bandanas, socks, hair scrunchies, bows and barrettes, sports uniforms; cloth patches, armbands, headbands, wristbands, and sweat bands, and sun visors made of cloth.

37.     On information and belief, sometime before September 24, 2012, Under Armour learned that Wells Investments had abandoned use of the mark "I Will" for many of the goods covered by Registration No. 2,409,096.

38.     On September 24, 2012, Under Armour filed a voluntary amendment under Section 7 of the Trademark Act in which it expressly deleted the following goods from Registration No. 2,409,096: articles of clothing for men, women and children, namely, blouses, pants, shorts, skirts, skorts, sweaters, vests, jeans, jerseys, sweatpants, sweatsuits, jumpers, jackets, coats, beachwear, loungewear, underwear, sleepwear, rainwear, gloves, shoes, boots and slippers, bandanas, socks, hair scrunchies, bows and barrettes, sports uniforms; cloth patches, armbands, headbands, wristbands, and sweat bands, and sun visors made of cloth.

39.     Thus, the only goods currently covered by Registration No. 2,409,096 are "articles of clothing for men, women and children, namely, shirts, hats" in Class 25.

40.     After Under Armour purchased Registration No. 2,409,096 from Wells Investments on May 5, 2012, Under Armour filed "intent to use" trademark applications for "I Will," including all of the applications Under Armour references in paragraph 22 of its Complaint, *i.e.*, U.S. Trademark Application Nos. 85/635,291 (Class 25), 85/627,412 (Class 16), 85/627,519 (Class 18), 85/627,578 (Class 24), 85/628,185 (Class 28), 85/628,236 (Class 35), and 85/627,366 (Class 9).   Under Armour did not claim that it had actually used "I Will" in commerce for any of the goods or services listed in those applications.

41.     Under Armour's intent to use Application No. 85/627,412 claims an intent to use "I Will" for "posters; stickers."

42.     On information and belief, Wells Investments' assignment of Registration No. 2,409,096 to Under Armour specifically excluded the transfer of rights to the mark "I Will" for "bumper stickers" and "paper posters," and Wells Investments retained the exclusive right to use the mark in connection with "bumper stickers" and "paper posters."

43.     In addition to Wells Investments' continued uses of "I Will" described above,

numerous non-parties to this action have used the phrase "I will."

44.     For example, the Art of Living Foundation uses the phrase "I will" in connection with its "NonViolence: No Higher Calling" campaign.  Following is an image from the Art of Living Foundation's website at www.nonvio.org.



45.     In addition, many others have registered the phrase "I Will" alone and in combination with other words in the USPTO, including at least the following registrations and pending applications in the same or similar classes of goods or services as Plaintiff's registration and pending applications: "I WILL," "I WILL BE REMEMBERED," "I WILL GRADUATE," "I WILL MAKE A DIFFERENCE," "I WILL NOT APOLOGIZE," "I WILL NOT LOSE," "I WILL WEAR PINK," "I CAN! I WILL! I MUST!" "I WILL BE FIT," "I WILL STAND MY GROUND"

46.     Under Armour and Wells Investments have acquiesced in, and failed to adequately police, the many non-party uses and applications/registrations of "I will."

47.     Before filing its Complaint in this action, Under Armour could have but never filed oppositions to any applications or registrations for marks including the words "I will."

48.     Before Under Armour filed its Complaint in this action, Wells Investments could have but never filed oppositions to any applications or registrations for marks including the words "I will."

49.     Before filing its Complaint in this action, Under Armour could have but never filed cancellation proceedings relating to any registrations for marks including the words "I will."

50.     Before Under Armour filed its Complaint in this action, Wells Investments could have but never filed cancellation proceedings relating to any registrations for marks including the words "I will."

51.     To the extent Under Armour owns any alleged trademark rights in the phrase "I will," those rights are weak, narrow, and exist in a crowded field of competing trademark uses and ordinary, plain-English uses, as evidenced by the facts above.

**Count I: Declaratory Judgment of Fair Use Under 15 U.S.C. §1115(b)(4)**

52.     NIKE hereby incorporates by reference all of the allegations stated in paragraphs 1 to 51 above as if fully restated herein.

53.     This is an action for declaratory judgment that NIKE has made fair use of the phrase "I will."

54.     An actual and justiciable controversy exists between NIKE and Under Armour with respect to alleged federal trademark infringement, false designation of origin, passing off and/or unfair competition by NIKE of Under Armour's alleged "I Will" trademark under the Lanham Act, 15 U.S.C. § 1051 *et seq*., trademark infringement and unfair competition under the common law and trademark infringement under Md. Code Bus. Reg. § 1-414 *et seq.*

55.     A declaration that NIKE's use of the words "I will" in the sentences and phrases

described in Under Armour's Complaint does not constitute a trademark use and is a fair use of the phrase "I will" under 15 U.S.C. §1115(b)(4) is appropriate.

### Count II:  Declaratory Judgment of No Federal Trademark Infringement, False Designation of Origin, Passing Off, or Unfair Competition

56.     NIKE hereby incorporates by reference all of the allegations stated in paragraphs 1 to 51 above as if fully restated herein.

57.     This is an action for declaratory judgment of no federal trademark infringement, false designation of origin, passing off and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

58.     An actual and justiciable controversy exists between NIKE and Under Armour with respect to alleged federal trademark infringement, false designation of origin, passing off and/or unfair competition by NIKE of Under Armour's alleged trademark rights in the phrase "I Will" under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

59.     A declaration that there has been no federal trademark infringement, false designation of origin, passing off, or unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq*. of Under Armour's alleged "I Will" trademark by NIKE is appropriate at least because Under Armour does not own protectable rights in the phrase "I will" relevant to NIKE's uses of the phrase "I will," and/or because NIKE's use of the phrase "I will" is not likely to cause confusion, mistake, or deceit and/or because NIKE's use of the phrase "I will" is a fair use and not a trademark use of the words.

### Count III: Declaratory Judgment of No Common Law Infringement or Unfair Competition

60.     NIKE hereby incorporates by reference all of the allegations stated in paragraphs 1 to 51 above as if fully restated herein.

61.     This is an action for declaratory judgment of no common law trademark

infringement or unfair competition.

62. An actual and justiciable controversy exists between NIKE and Under Armour with respect to NIKE's alleged trademark infringement and unfair competition under the common law of Under Armour's alleged "I Will" Trademark.

63. A declaration that there has been no common law trademark infringement or unfair competition of Under Armour's alleged "I Will" mark by NIKE is appropriate at least because Under Armour does not own protectable rights in the phrase "I will" relevant to NIKE's use of the phrase "I will," and/or because NIKE's use of the phrase "I will" is not likely to cause confusion, mistake, or deceit, and/or because NIKE's use of the phrase "I will" is a fair use and not a trademark use of the words, and/or because Under Armour's alleged "I will" trademark is invalid at least because Under Armour and Wells Investments abandoned the trademark rights they claim in "I will" by acquiescing in others uses of the phrase and/or by failing to adequately police the purported mark.

**Count IV: Declaratory Judgment of No Trademark Infringement under Code Bus. Reg. § 1-414 *et seq.***

64. NIKE hereby incorporates by reference all of the allegations stated in paragraphs 1 to 51 above as if fully restated herein.

65. This is an action for declaratory judgment of no trademark infringement under 15 U.S.C. § 1125 and Md. Code Bus. Reg. § 1-414 *et seq.*

66. An actual and justiciable controversy exists between NIKE and Under Armour with respect to NIKE's alleged trademark infringement under Md. Code Bus. Reg. § 1-414 *et seq.*, consisting of its use of the phrase "I will."

67. A declaration under 15 U.S.C. § 1125 and Md. Code Bus. Reg. § 1-414 *et seq.* that there is no trademark infringement under Md. Code Bus. Reg. § 1-414 *et seq.* attributable to

NIKE's use of the phrase "I will" is appropriate at least because NIKE's use of the phrase "I will" in a manner that infringes no other party's rights to that phrase does not constitute trademark infringement.

## Count V:  Declaratory Judgment of No Dilution

68.     NIKE hereby incorporates by reference all of the allegations stated in paragraphs 1 to 51 above as if fully restated herein.

69.     This is an action for declaratory judgment of no dilution under 15 U.S.C. § 1125.

70.     An actual and justiciable controversy exists between NIKE and Under Armour with respect to NIKE's alleged dilution under 15 U.S.C. § 1125 of Under Armour's alleged "I Will" trademark.

71.     A declaration that NIKE does not dilute Under Armour's alleged "I Will" mark under 15 U.S.C. § 1125 is appropriate at least because Under Armour does not own protectable rights in the phrase "I will" relevant to NIKE's use of the phrase "I will," and/or because Under Armour's alleged mark is not famous, and/or because NIKE's use of the phrase "I will" is not likely to cause dilution.

## Count VI:  Declaratory Judgment of Invalidity under 15 U.S.C. § 1052

72.     NIKE hereby incorporates by reference all of the allegations stated in paragraphs 1 to 51 above as if fully restated herein.

73.     This is an action for declaratory judgment of invalidity under 15 U.S.C. §1052.

74.     An actual and justiciable controversy exists between NIKE and Under Armour with respect to the invalidity of Under Armour's alleged "I Will" trademark under 15 U.S.C. § 1052.

75.     A declaration that Under Armour's alleged "I Will" U.S. Trademark Registration

No. 2,409,096 is invalid under 15 U.S.C. § 1052 is appropriate at least because Under Armour and Wells Investments have abandoned trademark rights they claim in "I Will" by acquiescing in others uses of the phrase and/or by failing to adequately police the purported mark.

76.     A declaration that Under Armour's U.S. Trademark Application No. 85/627,412 for the alleged mark "I Will" in Class 16 is void *ab initio* under 15 U.S.C. § 1052 is appropriate because Under Armour is neither the owner of the mark, nor entitled to use the mark in commerce.

77.     On information and belief, Under Armour also committed fraud on the USPTO by filing U.S. Trademark Application No. 85/627,412 for the alleged mark "I Will" in Class 16 with knowledge that it did not have rights to the mark for the covered goods, including "posters; stickers." A declaration that U.S. Trademark Application No. 85/627,412 is void under 15 U.S.C. § 1052 is appropriate for that additional reason.

**Count VII:  Declaratory Judgment of Invalidity under State and Common Law**

78.     NIKE hereby incorporates by reference all of the allegations stated in paragraphs 1 to 51 above as if fully restated herein.

79.     This is an action for declaratory judgment of invalidity under state and common law.

80.     An actual and justiciable controversy exists between NIKE and Under Armour with respect to the invalidity of Under Armour's alleged "I Will" trademark under state and common law.

81.     A declaration that Under Armour's alleged "I Will" trademark is invalid under state and common law is appropriate at least because Under Armour has failed to demonstrate that it owns protectable common law and state trademark rights to the mark "I Will."

## Count VIII:  Cancellation under 15 U.S.C. § 1119

82.     NIKE hereby incorporates by reference all of the allegations stated in paragraphs 1 to 51 above as if fully restated herein.

83.     This is an action for cancellation of U.S. Trademark Registration No. 2,409,096 under 15 U.S.C. § 1119.

84.     An actual and justiciable controversy exists between NIKE and Under Armour with respect to U.S. Trademark Registration No. 2,409,096.

85.     Cancellation of U.S. Trademark Registration No. 2,409,096 under 15 U.S.C. § 1119 is appropriate at least because Under Armour and Wells Investments have abandoned trademark rights they claim in "I Will" by acquiescing in others uses of the phrase and/or by failing to adequately police the purported mark.

### NIKE'S PRAYER FOR RELIEF

WHEREFORE, NIKE respectfully requests the following relief:

A.     The entry of judgment on Under Armour's Complaint in NIKE's favor and against Under Armour;

B.     That Under Armour, and all others in privity or acting in concert with Under Armour, be permanently enjoined from asserting that NIKE's use of the phrase "I will" complained of in Under Armour's Complaint constitutes trademark infringement, unfair competition, or any other violation or infringement of any alleged proprietary rights of Under Armour;

C.     Declaratory judgment that NIKE's use of "I will" complained of in Under Armour's Complaint is a fair use and is protected under the Trademark Act;

D.     Declaratory judgment of no federal trademark infringement, false designation of origin, passing off or unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*;

E.     Declaratory judgment of no common law trademark infringement or unfair competition;

F.     Declaratory judgment of no Maryland trademark infringement under Md. Code Bus. Reg. § 1-414 *et seq.*;

G.     Declaratory judgment of no dilution under 15 U.S.C. § 1125;

H.     Declaratory judgment of invalidity of U.S. Trademark Registration No. 2,409,096 under 15 U.S.C. § 1052;

I.     Declaratory judgment that U.S. Trademark Application No. 85/627,412 in Class 16 is void under 15 U.S.C. § 1052;

J.     Declaratory judgment of invalidity of Under Armour's alleged "I Will" trademark under the common law;

K.     Cancellation of U.S. Trademark Registration No. 2,409,096 under 15 U.S.C. § 1119;

L.     That this Court declare this to be an exceptional case and award NIKE its reasonable attorneys' fees and costs in accordance with 17 U.S.C. § 1117; and

M.     Such other and further relief as this Court deems just and proper.

### NIKE'S JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the United States Constitution, NIKE hereby demands a jury trial on all issues in the Complaint and Counterclaims triable to a jury.

Dated: April 29, 2013                    Respectfully submitted,

/s/
_____

Jerrold A. Thrope (Bar No.: 01376)
Valerie L. Albrecht
GORDON FEINBLATT LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland 21202
Telephone: (410) 576-4295
Facsimile: (410) 576-4269

Christopher J. Renk (admitted *pro hac vice*)
Helen H. Minsker (admitted *pro hac vice*)
Erik S. Maurer (admitted *pro hac vice*)
Michael J. Harris (admitted *pro hac vice*)
Anna L. King (admitted *pro hac vice*)
Audra Eidem Heinze (admitted *pro hac vice*)
BANNER & WITCOFF, LTD.
10 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

*Attorneys for Defendant, NIKE, Inc.*