**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| UNDER ARMOUR, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:13-cv-00571-ELH |
| | ) | |
| NIKE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## UNDER ARMOUR'S ANSWER TO NIKE'S COUNTERCLAIMS

Plaintiff Under Armour, Inc. ("Under Armour") through its counsel, answers Defendant Nike, Inc.'s ("Nike") Counterclaims as follows:

### Parties

1. Admitted.

2. Admitted.

### Jurisdiction

3. Under Armour admits that Nike alleges counterclaims under the Federal Declaratory Judgment Act, Title 28 U.S.C. §§ 2201 and 2202, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and common law. Under Armour denies all such counterclaims.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

**Nike's Use of I WILL**

8. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8, and therefore denies them.

9. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9, and therefore denies them.

10. Under Armour admits that Nike has used the trademark/tagline I WILL in advertising campaigns. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 10, and therefore denies them.

11. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11, and therefore denies them.

12. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12, and therefore denies them.

13. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13, and therefore denies them.

14. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14, and therefore denies them.

15. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15, and therefore denies them.

16. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16, and therefore denies them.

17.     Under Armour admits that Nike has used I WILL in YouTube videos as depicted in Paragraph 17.  Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 17, and therefore denies them.

18.     Under Armour admits that Nike has used I WILL on its Facebook page as depicted in Paragraph 18.  Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18, and therefore denies them.

19.     Under Armour admits that the images depicted in Paragraphs 17-18 feature I WILL and that the specific content of each image speaks for itself.  Under Armour denies that these uses of I WILL constitute descriptive fair use.  Under Armour denies the remaining allegations in Paragraph 19.

20.     Under Armour admits that the images depicted in Paragraphs 17-18 feature I WILL and that the specific content of each image speaks for itself.  Under Armour denies that these uses of I WILL constitute descriptive fair use.  Under Armour denies the remaining allegations in this Paragraph.

21.     Denied.

22.     Under Armour admits that the content of the images depicted in Paragraphs 17-18 speaks for itself.  Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 22, and therefore denies them.

23.     Denied.

24.     Denied.

25.     Denied

**Under Armour's Rights in the I WILL Trademark**

26. Under Armour admits that it was founded in 1996. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 26, and therefore denies them.

27. Denied.

28. Denied.

29. Denied.

30. Under Armour admits that it did not use I WILL before it was founded in 1996. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 30, and therefore denies them.

31. Under Armour admits that in May 2012 it filed Application Serial Nos. 85635291, 85628236, 85628185, 85627578, 85627519, 85627412, and 85627366 to register the mark I WILL. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 31, and therefore denies them.

32. Under Armour admits that it has owned U.S. Registration No. 2409096 for the mark I WILL since May 5, 2012. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 32, and therefore denies them.

33. Under Armour admits that U.S. Registration No. 2409096 for the mark I WILL was purchased from Wells Investments, Inc. That registration was assigned to Under Armour on May 5, 2012. Under Armour denies the remaining allegations in Paragraph 33.

34. Under Armour admits that Wells Investments is located in Winter Haven, Florida and that it owns U.S. Registration Nos. 2414394, 2417943, and 2737872 for the marks I WILL

and I WILL (and Design) for business marketing consulting services and management consulting services in the fields of financial and estate planning, investment advice, and other services and products listed in those registrations. Under Armour denies the remaining allegations in Paragraph 34.

35.     Under Armour denies that it does not own exclusive rights in the mark I WILL for apparel and other goods/services, including but not limited to those offered by Under Armour under the I WILL mark and covered by its trademark registration and pending applications as detailed in its Complaint. Under Armour admits that U.S. Registration No. 2409096 for the mark I WILL was purchased from Wells Investments, Inc. and assigned to Under Armour. Under Armour admits that Wells Investments owns certain rights in the mark I WILL, including U.S. Registration Nos. 2414394, 2417943, and 2737872. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 35 regarding Wells Investments' current use of the marks I WILL and I WILL (and Design), and therefore denies them. Under Armour denies the remaining allegations in Paragraph 35.

36.     The allegations in Paragraph 36 call for a legal conclusion (i.e., abandonment) and are therefore denied.

37.     The allegations in Paragraph 37 call for a legal conclusion (i.e., abandonment) and are therefore denied.

38.     Under Armour admits that on September 24, 2012 it filed a voluntary amendment under Section 7 of the Trademark Act to delete the following goods from Registration No. 2409096: blouses, pants, shorts, skirts, skorts, sweaters, vests, jeans, jerseys, sweatpants, sweatsuits, jumpers, jackets, coats, beachwear, loungewear, underwear, sleepwear, rainwear, gloves, shoes, boots and slippers, bandanas, socks, hair scrunchies, bows and barrettes, sports

uniforms; cloth patches, armbands, headbands, wristbands, and sweat bands, and sun visors made of cloth.

39. Admitted.

40. Under Armour admits that after May 5, 2012 it filed the intent-to-use applications listed in Paragraph 22 of its Complaint for the mark I WILL, namely, Application Serial Nos. 85635291, 85628236, 85628185, 85627578, 85627519, 85627412, and 85627366. Because these applications were filed on an intent-to-use basis, Under Armour did not allege in the applications actual use of the I WILL mark for the goods/services covered by the applications. Under Armour denies the remaining allegations in Paragraph 40.

41. Admitted.

42. Denied.

43. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 43, and therefore denies them.

44. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 44, and therefore denies them.

45. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 45, and therefore denies them.

46. Denied.

47. Under Armour admits that it has not opposed applications or petitioned to cancel registrations for marks comprised of or containing I WILL. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 47, and therefore denies them.

48. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 48, and therefore denies them.

49. Under Armour admits that it has not petitioned to cancel registrations for marks comprised of or containing I WILL.  Under Armour denies the remaining allegations in Paragraph 49.

50. Under Armour is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 50, and therefore denies them.

51. Denied.

**Count I: Declaratory Judgment of Fair Use Under 15 U.S.C. §1115(b)(4)**

52. Under Armour repeats and incorporates by reference its answers to Paragraphs 1 through 51.

53. Admitted.

54. Admitted.

55. Denied.

**Count II: Declaratory Judgment of No Federal Trademark Infringement, False Designation of Origin, Passing Off, or Unfair Competition**

56. Under Armour repeats and incorporates by reference its answers to Paragraphs 1 through 55.

57. Admitted.

58. Admitted.

59. Denied.

**Count III: Declaratory Judgment of No Common Law Infringement or Unfair Competition**

60. Under Armour repeats and incorporates by reference its answers to Paragraphs 1 through 59.

61. Admitted.

62. Admitted.

63. Denied.

## Count IV: Declaratory Judgment of
## No Trademark Infringement under Code Bus. Reg. § 1-414 *et seq.*

64. Under Armour repeats and incorporates by reference its answers to Paragraphs 1 through 63.

65. Admitted.

66. Admitted.

67. Denied.

## Count V: Declaratory Judgment of No Dilution

68. Under Armour repeats and incorporates by reference its answers to Paragraphs 1 through 67.

69. Admitted.

70. Admitted.

71. Denied.

## Count VI: Declaratory Judgment of Invalidity under 15 U.S.C. § 1052

72. Under Armour repeats and incorporates by reference its answers to Paragraphs 1 through 71.

73. Admitted.

74. Admitted.

75. Denied.

76. Denied.

77. Denied.

**Count VII: Declaratory Judgment of Invalidity under State and Common Law**

78. Under Armour repeats and incorporates by reference its answers to Paragraphs 1 through 77.

79. Admitted.

80. Admitted.

81. Denied.

**Count VIII: Cancellation under 15 U.S.C. § 1119**

82. Under Armour repeats and incorporates by reference its answers to Paragraphs 1 through 81.

83. Admitted.

84. Admitted.

85. Denied.

Under Armour denies the balance and remainder of all of the allegations contained in all paragraphs, counts, and sub-parts of Nike's Counterclaims, including any and all demands for judgment or relief asserted, that are not expressly admitted.

**Nike's Prayer for Relief**

WHEREFORE, in consideration of the foregoing, Under Armour respectfully requests that the relief requested by Nike in Paragraphs A-M of Nike's Prayer for Relief be denied.

WHEREFORE, Under Armour prays for judgment against Nike on each of its counterclaims and that:

a. The relief requested in Under Armour's Complaint be granted;

b. Nike's counterclaims be dismissed in their entirety with prejudice;

  c. Judgment be entered in favor of Under Armour and against Nike on its counterclaims;

  d. Nike be denied all relief requested in its counterclaims;

  e. Under Armour be awarded its attorneys' fees, costs, and expenses in connection with defending against Nike's counterclaims; and

  f. The Court award Under Armour such further relief as it may deem just and proper.


Dated: July 23, 2013          Respectfully submitted,

                 */s/ Douglas A. Rettew*
                 Douglas A. Rettew (29815)
                 Danny M. Awdeh
                 FINNEGAN, HENDERSON, FARABOW,
                 GARRETT & DUNNER, L.L.P.
                 901 New York Avenue, N.W.
                 Washington, D.C. 20001-4413
                 (202) 408-4000 (phone)
                 (202) 408-4400 (fax)
                 Email: doug.rettew@finnegan.com
                 Email: danny.awdeh@finnegan.com
                 Attorneys for Plaintiff
                 Under Armour, Inc.

**CERTIFICATE OF SERVICE**

I, Douglas A. Rettew, hereby certify that on July 23, 2013, a copy of the foregoing Under Armour's Answer to Nike's Counterclaims was served using the Court's CM/ECF system upon:

> Jerrold A. Thrope
> Gordon Feinblatt LLC
> 233 E. Redwood St.
> Baltimore, MD 21202
> jthrope@gfrlaw.com
>
> Anna L. King
> Audra C. Eidem Heinze
> Christopher James Renk
> Erik Stephan Maurer
> Helen Hill Minsker
> Michael Joseph Harris
> Banner and Witcoff Ltd
> 10 S. Wacker Dr. Ste. 3000
> Chicago, IL 60606
> aking@bannerwitcoff.com
> aheinze@bannerwitcoff.com
> crenk@bannerwitcoff.com
> emaurer@bannerwitcoff.com
> hminsker@bannerwitcoff.com
> mharris@bannerwitcoff.com